UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**DEBORAH K. CHASANOW**
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MD 20770
(301) 344-0634

April 24, 2000

Warren K. Kaplan, Esq.
The Washington Lawyers' Committee
11 Dupont Circle, N.W.
Washington, D.C. 20036

Brian Corcoran, Esq.
Margaret Vierbuchen, Esq.
LaShanda D. Branch, Esq.
Patricia G. Butler, Esq.
Howrey & Simon
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2402

David E. Nagle, Esq.
Deborah Swindells Donovan, Esq.
Joseph D. McCluskey, Esq.
LeClair Ryan
707 East Main Street
11th Floor
Richmond, VA 23219

___FILED ___ENTERED
___LODGED ___RECEIVED

APR 2 4 2000

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____ DEPUTY

RE:   Derrickson, et al. v. Circuit City Stores, Inc.
      Civil Action No. 95-3296

      Jones v. Circuit City Stores, Inc.
      Civil Action No. 97-4174

Dear Counsel:

The court is in receipt of the parties' recent pretrial motions: Plaintiff Jones's Motion to Consolidate and Request for a Scheduling Order; *Derrickson* Plaintiffs' "Statement Regarding Suggested Trial Management Scheme"; and Defendant's Motion to Sever for Purposes of Trial. Pursuant to Local Rule 105.6, the court now rules without a hearing.

With respect to the *Jones* case, the court denies the motion to consolidate. While the court understands Plaintiff's desire to expedite the resolution of these matters, the *Jones* case is still too far behind the schedule of the *Derrickson* cases to now consider consolidation. Even an ambitious scheduling order would

April 24, 2000
Page Two of Two

not allow the parties and the court adequate time to submit and resolve dispositive motions and prepare for a trial in late July. Moreover, before resolving any summary judgment motions, the court cannot determine whether common questions of law or fact would compel a consolidated trial. *See* Fed. R. Civ. P. 42(a). The court will issue today an amended scheduling order, setting deadlines for service of requests for admissions and dispositive pretrial motions.

Turning to the *Derrickson* cases, Defendant has moved for five separate trials pursuant to Fed. R. Civ. P. 20(b) or 42(b); Plaintiffs have moved for consolidation for trial pursuant to Rule 42(a). After reviewing the parties' submissions, the court concludes that the five cases are best addressed in two trials, one for the promotional claims of Plaintiffs Derrickson, Ibrahim, Moore, and Sims and one for the demotion claim of Plaintiff James. The court has broad discretion to decide how cases are to be tried. *Person v. Miller*, 854 F.2d 656, 665 (4th Cir. 1988). The common issues of both law and fact make a consolidated trial on failure to promote the four plaintiffs prudent. A single jury will hear the expert testimony concerning promotional practices at Circuit City and learn the applicable law. The court does not doubt that a jury can distinguish the four individual employment histories and make separate findings with respect to each plaintiff. *See Duke v. Uniroyal, Inc.*, 928 F.2d 1413, 1421 (4th Cir. 1991). Furthermore, any prejudice from trying these four cases together can be remedied by a jury instruction. *See id.* Additionally, the court still believes that trial of Plaintiff James' demotion claim is best tried separately. For the foregoing reasons, the court denies in part and grants in part both Defendant's motion to sever and Plaintiffs' motion to consolidate.[1]

Despite the informal nature of this letter, it constitutes an Order of Court and the Clerk is instructed to docket it as such.

Very truly yours,

DEBORAH K. CHASANOW
United States District Judge

---

[1] As the scheduled date for trial approaches, the court may need to revisit the issue of severance if the court's criminal docket shortens the time available for trial of these cases.