## UNITED STATES DISTRICT COURT
### DISTRICT OF MARYLAND

**DEBORAH K. CHASANOW**
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MD 20770
(301) 344-0634

July 18, 2000

FILED — ENTERED
LODGED — RECEIVED

JUL 1 8 2000

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND      DEPUTY
BY

## VIA FAX AND U.S. MAIL

Warren K. Kaplan, Esq.
The Washington Lawyers' Committee
11 Dupont Circle, N.W.
Washington, D.C.  20036

Brian Corcoran, Esq.
Margaret Vierbuchen, Esq.
LaShanda D. Branch, Esq.
Patricia G. Butler, Esq.
Howrey & Simon
1299 Pennsylvania Ave., N.W.
Washington, D.C.  20004-2402

David E. Nagle, Esq.
Deborah Swindells Donovan, Esq.
Joseph D. McCluskey, Esq.
LeClair Ryan
707 East Main Street
11th Floor
Richmond, VA 23219

> RE:  Derrickson, et al. v. Circuit City Stores, Inc.
> Civil Action No. 95-3296

Dear Counsel:

Defendant filed ten motions *in limine* and Plaintiffs filed one motion *in limine*.  The parties have had an opportunity to respond, and Circuit City filed a brief reply.  Pursuant to Local Rule 105.6, the court now rules without a hearing.

Comparators

As an initial matter, Defendant moves to exclude evidence relating to the performance of comparators after their challenged promotions.  The court will GRANT this motion (paper no. 258). Assuming proof of prima facie cases by Plaintiffs, Defendant will supply allegedly nondiscriminatory reasons for each adverse employment action.  Plaintiffs must then show that Defendant acted at the time of the promotion decision with discriminatory intent

rather than based upon the proffered reason.   Post-promotion
actions by the comparators were not available to the decision-
makers at the time of the challenged action and therefore are not
relevant to Plaintiffs' claims.

Defendant moves to exclude evidence regarding twenty proposed
comparators.   A common element of proof of discrimination with
respect to promotions is to show that the employer promoted someone
outside the protected class that had equal or lesser qualifications
that the plaintiff.    For this reason, identifying similarly
situated comparators will be a key aspect of Plaintiffs' case.   The
court will GRANT IN PART and DENY IN PART this motion (paper no.
256).[1]

Plaintiff Moore states in his opposition that he does not plan
to present evidence regarding six challenged individuals--Demme,
Hepler, Jones, Kaufman, Moore, and Moriarty--as direct comparators
for his claim of failure to promote to district manager.   However,
Plaintiff Moore argues that he should be able to present evidence
regarding those individuals to rebut any argument that Defendant
might make regarding whether Moore was "fast-tracked" into sales
manager and store manager positions.   The only employment actions
at issue in Moore's case are the denials of promotion to district
manager and the subsequent alleged retaliation.    Therefore, the
only relevant comparators would be individuals promoted to district
manager during the time period in which Moore was eligible for the
promotion. Hepler, Jones, Kaufman and Moriarty were never promoted
to district manager; therefore, the court will GRANT the motion
with regard to those four individuals.    Demme and Moore were
promoted during the relevant time period to district manager, but
to positions in other regions of the country.   Plaintiff Moore may
only present evidence of those two individuals as direct
comparators for his claims, and he must first present evidence that
he applied for a promotion to district manager outside of the
Baltimore/Washington region.   *See Whalen v. Rubin,* 91 F.3d 1041,
1046 (7th Cir. 1996).   Finally, with regard to proposed comparator
Shuey, Defendant argues that Shuey is not similarly situated
because he was a district manager in training.   The court will DENY
the motion to exclude comparator evidence of Shuey.   Defendant may
present evidence that Shuey's status as a "manager in training"
made him more qualified for the position of district manager than

---

[1] In their opposition, Plaintiffs state that they do not
intend to present evidence with respect to Dehanas, Dwyer, or
Martin.    Therefore, the court need not address the motion with
respect to those three individuals.

Plaintiff Moore, but such a determination is a question of fact for the jury.

Similarly, the court will DENY the motion to exclude evidence regarding comparators Beverly, Bowman, Catterino, Donnelon, Saymon, and Ward. Although they were all in different positions than Plaintiffs Derrickson, Ibrahim, and Sims at the time of their promotion, the jury must decide whether their participation in the management training programs or other aspects of their employment histories did in fact make them better qualified for the sales manager and store manager positions.

With respect to Plaintiff Derrickson, Defendant objects to three proposed comparators--Allstead, Johnston, and Ward--on the basis of the timing of their promotions to store manager. However, all three individuals were promoted during the time that Derrickson worked as a sales manager at Landover or Marlow Heights and sought to become a store manager. For that reason, the court will DENY the motion to exclude these three comparators. With respect to employees Cooperstein and Robinson, Defendant objects to introduction of evidence concerning their promotions because the timing of their promotions does not make them proper comparators for Plaintiff Ibrahim. Plaintiffs agree, but point out that they are proper comparators for Plaintiff Sims. The court will not rule on this issue at the time because Defendant has not presented any argument with respect to that use of the evidence.

Finally, Defendant objects to the introduction of evidence with regard to employee O'Loughlin because he was not previously identified as a proposed comparator. The court will GRANT the motion with respect to this individual because it is now too late for Plaintiffs to supplement their list of comparators. Defendant needs proper time to prepare for trial; this was the purpose of the Defendant's interrogatories on this issue.

In sum, the court will GRANT the motion to exclude comparators Hepler, Jones, Kaufman, Moriarty, and O'Loughlin, but either DENY or refrain from ruling on the remaining individuals.

## Pattern and Practice Evidence

This case presents individual claims of disparate treatment based upon race in promotions, governed by the standards of proof first set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). Of course, statistical evidence and other proof of a pattern and practice of discrimination may be presented, but only if it relates to the alleged discriminatory intent of the decisionmaker. This case presents neither a class action nor a

charge of systematic discrimination under 42 U.S.C. § 2000e-6. *See generally* LEX K. LARSON, 1 EMPLOYMENT DISCRIMINATION § 8.01 (2d ed. 2000). Plaintiffs are cautioned to remember this distinction as they prepare their case in chief.

Defendant moves to exclude several racist comments allegedly made by managers at Circuit City. The Fourth Circuit has "found such statements to be probative evidence only when they directly relate to a particular person, employment decision, or pattern of decisionmaking." *Henson v. Liggett Group, Inc.,* 61 F.3d 270, 276 (4th Cir. 1995). Isolated comments made by managers not involved in Plaintiffs' promotion decisions are not relevant under Rule 401. The discriminatory statements must have a sufficient nexus with the claims of this case. *See EEOC v. Clay Printing Co.,* 955 F.2d 936, 942-43 (4th Cir. 1992). Plaintiffs argue that comments made by those outside of the decisionmaking process should be admissible. However, *Mullen v. Princess Anne Volunteer Fire Co.,* 853 F.2d 1130 (4th Cir. 1988), cited by Plaintiffs, only supports Defendant's argument. "The use of racially offensive language *by the decisionmaker* is relevant as to whether racial animus was behind the membership decision, and was proper evidence for the jury to consider." *Id.* at 1133 (emphasis added).[2]

The DPS message at issue is not relevant to Plaintiffs' claims because it was not directed at Plaintiffs and was not made by anyone with any input to the decisions not to promote Plaintiffs. Therefore, the court will GRANT the motion to exclude the DPS message (paper no. 257).

For similar reasons, the court will GRANT IN PART and DENY IN PART the motion to exclude "alleged stray racial comments" (paper no. 260). The court will exclude the race-related comments of Robert Babe, Austin Ligon, and Melanie Price Rhodes, who did not participate in the promotional decisionmaking process. The court will allow Plaintiff Sims to testify to hearing the word "nigger" while an employee at Circuit City. The court will not rule at this time with regard to the admissibility of discriminatory comments allegedly made by William Zierden, the Senior Vice President of Human Resources. Plaintiffs may not introduce such evidence

---

[2] Plaintiffs also cite *Cooper v. Paycheck, Inc.,* 960 F. Supp. 966 (E.D. Va. 1997), to argue that the court should allow evidence of discriminatory statements by "nondecisionmaking employees." However, *Cooper* says the opposite, only allowing the discriminatory remarks because they were made by someone who had a "significant impact on the decision to fire." *Id.* at 970.

4

without first establishing the role played by Zierden in promotional decisions and policies.

Defendant moves to exclude comments made by James Wimmer, the general manager for the D.C./Baltimore region during the time of Plaintiffs' claims, and repeated by other managers, to "watch the mix" at stores in the D.C./Baltimore region. Defendant suggests that the comments are ambiguous as to whether they relate to race and do not relate directly to promotional issues. The court will DENY this motion (paper no. 259). The "mix" statements were allegedly made by Wimmer, an individual who did play a role in promotional decisionmaking. Birnbaum's comments are not hearsay, as argued by Defendant, because they are probative of Wimmer's state of mind when making promotional decisions. Fed. Rules of Evidence 803(3). The court finds that there is an issue of fact for the jury to decide as to whether the comments are circumstantial evidence of a discriminatory animus.

Defendant also moves to exclude evidence of a 1975 "coaching" of Wimmer. The court will GRANT the motion (paper no. 251). In essence, Plaintiffs oppose the motion on the basis that Wimmer will be a comparator for Plaintiffs because he was promoted despite a disciplinary action. The remoteness in time, however, makes Wimmer an improper comparator.

Defendant moves to exclude evidence of discrimination against the individual plaintiffs outside the scope of the claims remaining after summary judgment. These alleged acts did not rise to the level of claims or, for statute of limitations reasons, could not be included in this action. The court will defer ruling upon the motion at this time (paper no. 255). Some allegedly discriminatory acts--delays in prior promotions, undesirable store assignments, denial of training, and strict scrutiny--may be relevant to the promotion decisions at issue. However, the court cautions Plaintiffs to limit their cases to evidence related to the particular claims of denials of promotion and retaliation. Given the time-constraints upon this case, excessive time spent on collateral matters will only waste time and confuse the jury, and the court may limit such testimony at the time of trial.

Finally, Defendant moves to exclude evidence of the racial composition of its Board of Directors and senior management. The court will GRANT this motion (paper no. 250). At trial, the jury will observe the race of the representatives of Circuit City that testify and will draw any inferences they deem appropriate. However, the court does not find the racial composition of Circuit City's senior management--of whom very few were decision-makers in the promotion decisions at issue--to be relevant under Rule 401 to

5

the question of discrimination in promotions at the Baltimore/Washington store locations.

## *McKnight v. Circuit City, Inc.*

Plaintiffs seek to introduce evidence from *McKnight v. Circuit City Stores, Inc.* at this trial. The court will GRANT IN PART and DENY IN PART the motions to exclude evidence from *McKnight* (papers no. 253, 254). *McKnight* involved claims of employment discrimination based upon race at Circuit City's Richmond headquarters. As stated above, the court does not find that all evidence of racial animus at Corporate Headquarters is relevant in this case. Plaintiffs may only present such evidence relating to individuals taking part in the decision-making process. Therefore, the court will GRANT the motion to exclude with respect to evidence of racial animus by Ligon. The court will again defer ruling upon the evidence relating to Zierden until Plaintiffs present evidence that Zierden established promotion polices or otherwise took part in the decision-making process.

The court will GRANT the motion with respect to the Cook report because discriminatory practices within First North American National Bank, a subsidiary of Defendant, is too remotely related to the issues in this case. The danger of unfair prejudice and waste of time outweighs the probative value of such a report or any testimony concerning it.

The existence of the Booth report and the alleged "burying" by Zierden is relevant to the determination of punitive damages. An employer may be held vicariously liable for punitive damages if, among other things, the employer did not engage in good-faith efforts to comply with Title VII. *Lowery v. Circuit City, Inc.,* 206 F.3d 431, 442 (4th Cir. 2000). Therefore, the court will DENY the motion to exclude evidence relating to the general conclusions of the Booth report and subsequent measures taken by Circuit City executives. For the same reason, evidence concerning "coffee conference" reports is admissible so long as not excessive.[3]

The entire contents of the Booth report, however, is not of sufficient probative value to outweigh issues of timeliness, prejudice and cumulativeness. The report analyzes data from

---

[3]    In footnote 8 to their opposition to these motions, Plaintiffs "reserve the right to move at trial to collaterally estop Circuit City from relitigating the issue" of good faith efforts. The court notes that this legal matter should have been addressed earlier in the context of a pretrial motion.

Circuit City's Central, Southern and Western divisions relating to hiring, terminations, compensation and promotions, limited to 1989 to 1990.    Plaintiffs' claims are related to promotions in the Baltimore/Washington area over many years.    Plaintiffs' expert report, by James Medoff, relates more directly to their claims. Therefore, the court will GRANT the motion to exclude the Booth report as an exhibit.

## Testimony of Mark Oliver

The court will DENY Plaintiffs' motion *in limine* as overly broad (paper no. 252).    Plaintiffs move to exclude any evidence Circuit City may offer that "varies, contradicts, or otherwise fills in omissions from" the deposition testimony of Mark Oliver, Circuit City's witness designated by Fed. R. Civ. P. 30(b)(6) to provide testimony relating to the bases for promotions decisions at issue in this case.    While Plaintiffs are correct that Defendant cannot present evidence at trial that contradicts Oliver's testimony, Defendant can present additional evidence, provided to Plaintiffs during discovery, that supports Oliver's testimony. *See also* Fed. R. Civ. P. 26(e) ("A party who has made a disclosure . . . is under a duty to supplement or correct the disclosure or response to include information thereafter acquired . . . if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."). Defendant's opposition indicates an understanding of the applicable rules of discovery.    Because Plaintiffs are unable now to present specific challenges, the court will deny the motion without prejudice for renewal.

## Scheduling Matters

Jury selection for this case will take place on Monday, July 24, 2000, and deliberations must begin by Wednesday, August 16, 2000, if the trial is to be completed by August 18.    Therefore, setting aside time for jury selection, opening statements and closing arguments, and jury instructions, there will only be thirteen full days available for the presentation of evidence (July 25-27, 31, August 1-3, 7-10, and 14-15).    Based on the ratio of time discussed at the pretrial conference, that time should be roughly allocated approximately 8-1/2 days for Plaintiffs and 4-1/2 days for Defendant.    My normal trial day is to hear evidence from 9:30 or 10:00 a.m. to 5:00 p.m., with an hour for lunch and two fifteen-minute breaks, once in the morning and once in the afternoon. At the recent pretrial conference, Plaintiffs estimated that their general testimony would occupy four days, with an

7

additional two to four days for each individual case.    Defendant indicated that it would require one to two days for both general evidence and each individual case.  Some of today's rulings should reduce these time estimates.    However, unless Plaintiffs can drastically reduce their anticipated evidence, with a commensurate reduction in Defendant's estimate, the court will only be able to hear the cases of Plaintiffs Ibrahim and Sims, the two claims of denials of promotion to sales manager, this summer.  If Plaintiffs can successfully streamline their evidence, the court may also be able to also hear Plaintiff Derrickson's claim of failure to promote to store manager.   Plaintiffs' counsel should make this determination as soon as possible and notify both the court and counsel for Defendant.

        Despite the informal nature of this letter, it constitutes an Order of Court and the Clerk is instructed to docket it as such.

                                    Very truly yours,

                                    *Deborah K. Chasanow*

                                    DEBORAH K. CHASANOW
                                    United States District Judge

cc: Court File